# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00790-CR

**Ex parte Teresa Karen Voges**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. C-2000-939B, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

Teresa Karen Voges applied for a writ of habeas corpus seeking relief from a judgment of contempt rendered by the Comal County Court at Law. The writ issued, but relief was denied following a hearing. We will affirm the district court's order.

Voges was tried for driving while intoxicated in the Comal County Court at Law. On the day Voges's trial began, the State filed a motion in limine asking that the parties, witnesses, and attorneys be instructed not to refer to or elicit testimony regarding any body cavity search, strip search, or any other type of search of Voges without first obtaining a ruling outside the jury's presence on the admissibility of the testimony. The motion was granted.

Voges testified on her own behalf at the trial, and a record of her testimony was introduced as an exhibit at the writ hearing. During a rambling answer to a question regarding the arresting officer's conduct at the police station, Voges stated that she "was strip searched and asked to remove my tampon with my bare hand." The prosecutor objected at Voges's mention of a strip search, but Voges continued to testify even as the prosecutor was voicing his objection. The court

subsequently declared a mistrial on the State's motion, dismissed the jury, and held Voges in contempt.[1] The written judgment of contempt states:

> [D]uring her testimony the Defendant intentionally violated the Court's order by presenting testimony to the jury that she had been strip searched by the jailers and forced to remove her tampon with her bare hand, or words to that effect. Her testimony was not in response to the question of her attorney and she continued to proffer the testimony despite an objection lodged by the State's attorney. The testimony was in direct violation of the Court's Order in Limine and her attorney stated on the record that he had informed her not to testify to such matters without permission of the Court.

Voges contends the contempt order violated her due process rights because there is no evidence that she intentionally violated the court's order in limine. This habeas corpus proceeding is a collateral attack on the contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967). The burden was on Voges to establish that the contempt order was void, and not merely voidable. *In re Scariati*, 988 S.W.2d 270, 272 (Tex. App.—Amarillo, orig. proceeding). The habeas corpus court may not weigh the evidence to determine whether it preponderates against the judgment, but may treat the contempt order as void only if the evidence conclusively establishes that fact. *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding).

The parties agree that the dispositive issue is whether Voges had been told before she testified that the court had ordered her not to mention the strip search. Absent such knowledge, there would be no support for the finding that she "intentionally violated" the order in limine.

---

[1] Voges was acquitted of the driving while intoxicated charge at a second trial.

The Honorable Brenda Freeman, Judge of the Comal County Court at Law, testified at the writ hearing. She acknowledged during questioning by Voges's attorney that she did not personally advise Voges of the order in limine or instruct her not to mention the strip search. Following up on this, counsel for the State asked Judge Freeman, "But you did inform Mr. Greene [Voges's trial attorney] and asked [sic] him whether or not he notified his client?" The judge answered, "Absolutely." "And," asked the prosecutor, "did he have any hesitation when he told you that he told her not to violate the order?" "Not at all," answered Judge Freeman.

Voges testified that she was not present when the motion in limine was presented to the court for a ruling. She said that Greene told her before she testified that the strip search "was irrelevant to the case" and not to mention it. She acknowledged violating counsel's instructions, but testified that Greene never told her that she was under a court order not to mention the strip search. Voges stated that she would not have violated the court's order had she known of it.

A reading of the trial record reflects that after Voges made the allegedly contemptuous remarks, Judge Freeman asked counsel, "Mr. Greene, did you instruct your client not to refer to that strip search?" Counsel replied, "Yes, I did, Judge." Counsel was not expressly asked and did not state that he had informed Voges of the court's order. Given the context of the court's question and counsel's answer, however, it was a reasonable inference that he had done so. Greene did not testify at the writ hearing. As an officer of the court, he could have provided probative evidence as to precisely what Voges had been told by him regarding the order in limine.

3

On this record, we cannot state that Voges carried her burden of establishing that the contempt judgment is without evidentiary support and void. The district court's order denying relief is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 14, 2001

Do Not Publish

4