Ex parte James J. **ROHLEDER, Jr.**

No. B–392.

Supreme Court of Texas.

Dec. 13, 1967.

James J. Rohleder, pro se. James E. Ferguson and Don Busby, Cleburne, for relator.

Hugh Higgins, Cleburne, for respondent.

GRIFFIN, Justice.

This is an original habeas corpus proceeding. Relator, James J. Rohleder, Jr., has been adjudged in contempt by the 18th District Court of Johnson County for failure to make payments for the support of his minor children as required by the divorce judgment entered by that court on July 22, 1964. The contempt decree fixed the punishment at three days in jail and directed that relator continue in jail until he purged himself by paying the $1835.00 found to be in arrears. We order relator discharged.

■ Relator was ordered by the divorce decree to make child support payments of $64.00 payable on the 1st and 16th of each month beginning August 1, 1964. The record contains evidence which supports the conclusion that relator was able to pay one

or more of the delinquent installments as they accrued and was therefore subject to the punishment authorized by Article 1911, Vernon's Ann.Tex.Civ.Stat., notwithstanding any inability of relator to pay the full amount of the arrearages at the time of the contempt decree. Punishment under this statute, however, is limited to a fine not exceeding $100.00 and imprisonment not exceeding three days. Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (1948). It appears that relator remained in jail for more than the three days before being released on bail by order of this Court, and we are now concerned only with the power of the trial court to order the indefinite confinement of relator until the $1835.00 is paid.

In this case there were hearings held on three separate occasions but they were all a part of the one proceeding to hold relator in contempt. On each occasion only relator testified, although the mother of relator's children, who instituted these proceedings, was represented by an attorney on all occasions. On June 30, 1967, after relator had testified that he was in arrears on his support payments because his ex-wife had moved the children several times without notifying him, the court stated that the relator was in contempt for such failure. However, no order was entered; and the court gave relator until July 5, 1967 to raise the $1835.00. On July 5, 1967, the relator testified he had not been successful in his attempts to borrow the amount of his arrearages and requested a few days to attempt to mortgage his mother's house. The court granted this request and delayed the order until July 10, 1967. On July 10, 1967, relator returned to court and testified to his inability to secure this amount from any source. The trial judge then signed the order holding relator in contempt and ordering him confined to jail for three days and thereafter until he purge himself by paying the $1835.00 into court.

■ An original habeas corpus proceeding in this Court is a collateral attack on the contempt decree. However, we treat the contempt order as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing relator did not have, and had no source from which he might reasonably be expected to obtain, the $1835.00 in arrears. Ex parte Townsley, 156 Tex. 402, 297 S.W.2d 111 (1956). He must be able to perform the order of the court, for if his inability is conclusively shown, the trial court has no power to order the coercive imprisonment. Ex parte De Wees, supra. The testimony of relator at the hearing may be summarized as follows: he had attempted to borrow the amount from several loan companies and a credit union without success because a loan of this size required collateral and the only property he owns is a 1966 automobile on which he owes $2,900.00; he and his mother had attempted to mortgage the mother's house for this amount but without success; he knows of no one and no source from which he could obtain this amount without some collateral or security; he is employed as an "extra" telegraph operator who must be ready to work whenever he is called, and if he is not available for any period of time he will lose his job; and, although he could not pay the full balance of the delinquency, he was making the current payments and offered to pay an additional $25.00 per month until the $1835.00 has been paid. We hold that this testimony, although given by an interested party and uncorroborated, falls within the exception giving conclusive effect to such testimony where it is clear and positive and there are no circumstances in evidence tending to discredit or impeach it, and it is further strengthened by the fact that it was uncontradicted when there was a means and an opportunity for an opposite party to disprove the testimony if it were not true. Ex parte Gonzales, 414 S.W.2d 656 (Tex.Sup. 1967); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943).

■ In such cases as this "our concern is not what will certainly happen if relief is denied, but what could happen." Ex parte De Wees supra. Relator in this case has conclusively shown that what could happen

is his continuing imprisonment without the ability on his part to bring about his own release. Such imprisonment is beyond the powers of the trial court, and we hold that the court exceeded its power in ordering that relator be imprisoned until the $1835.00 is paid.

The relator is discharged.