**In re Johnnie L. STEIN, Relator.**

**No. 14–10–01030–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 13, 2011.

---

Alyssa P. Lemkuil, Daniel Jake Lemkuil, Houston, for Relator.

Bill De La Garza, Houston, for Real Party in Interest.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

PER CURIAM.

On October 22, 2010, relator, Johnnie L. Stein, filed a petition for writ of habeas corpus challenging the validity of his commitment to jail following a hearing on a motion for enforcement of child support. *See* Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004); *see also* Tex.R.App. 52. We ordered relator released upon the posting of a bond pending a decision in this case. A response was requested from the real party in interest, D.C. Stein, to be filed on or before November 29, 2010. As of this date, no response has been filed.

■ An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding).

■ Relator first contends the commitment order is void. The order is insufficient as a commitment order because it fails to direct the sheriff or other ministerial officer to take relator into custody and detain him under the terms of the contempt order. *See Ex parte Hernandez*, 827 S.W.2d 858 (Tex.1992); *In re Zapata*, 129 S.W.3d 775, 779–80 (Tex.App.-Fort Worth 2004, orig. proceeding). Accordingly, relator is being illegally restrained.

■ Relator further argues the criminal contempt sentence is void. In its order, the trial court held relator in criminal contempt for failing to pay child support "in the amounts and on the dates shown . . ." November 2009 is one of the dates listed. However, the order reflects relator paid the full amount of child support for that month. The trial court ordered relator confined "for all violations" for a period of 179 days. " 'If one punishment is assessed for multiple acts of contempt, and one of those acts is not punishable by contempt, the entire judgment is void.' " *In re Henry*, 154 S.W.3d 594, 598 (Tex. 2005) (quoting *Ex parte Davila*, 718 S.W.2d 281, 282 (Tex.1986)). We therefore find the order of criminal contempt is void.

■ In his final argument, relator claims the civil contempt sentence is also void. The trial court found relator in civil contempt and ordered him confined until he complies certain orders, the first of which is to "pay $11,738.58, through the Harris County Child Support Division, as child-support arrearage (including any accrued interest) . . ." The order also provides, however:

*Payment of Child Support and Child Support Arrearages*

IT IS ORDERED that all payments of child support shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box. 659791, San Antonio, Texas, 78265–9791....

 A commitment order containing coercive provisions must specify in clear and unambiguous language what the imprisoned one is required to do in order to be released. *Ex parte Crawford,* 684 S.W.2d 124 (Tex.App.-Houston [14th Dist.] 1984, orig. proceeding). The provisions in the order regarding relator's payment of child support arrearages create an ambiguity that prevents relator from determining how he may obtain his release because he is ordered to make payments through two different entities. These provisions are therefore void.[1] *See In re Broussard,* 112 S.W.3d 827, 839 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding).

For the reasons set forth above, we hold the trial court's October 1, 2010 order is void. Accordingly, we grant relator's petition for writ of habeas corpus. We further order relator released from the bond set by this court on October 22, 2010, and order relator discharged from custody.

---

1. Although void portions of a contempt order are capable of severance from the valid portions of the order, other errors in the order render it void. *See Broussard,* 112 S.W.3d at 839 n. 3 (citing *see Ex Parte Roosth,* 881 S.W.2d 300, 301 (Tex.1994) (orig. proceeding)).