**Petition for Writ of Habeas Corpus Granted and Opinion filed January 31, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————

## NO. 14-11-01106-CV

———————

## EX PARTE DAVID HOSSIEN MERRIKH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**245th District Court**
**Harris County, Texas**
**Trial Court No. 2010-54021**

---

## O P I N I O N

On December 23, 2011, relator, David Hossien Merrikh, filed a petition for writ of habeas corpus challenging the validity of his commitment to jail following a hearing on a motion for enforcement of child support.   We ordered relator released upon the posting of a bond pending a decision in this case.   A response was requested from the real party in interest, Jamileh Merrikh, to be filed on or before January 5, 2012.   As of this date, no response has been filed.

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967).   The purpose of a writ of habeas

corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barlow*, 899 S.W.2d 792, 794 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

In his petition, relator complains of that portion of the order imposing incarceration for criminal contempt. An order of commitment for criminal contempt must contain findings identifying, setting out, or incorporating by reference the provisions of the underlying order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order constituted criminal contempt. *See* Tex. Fam. Code Ann. § 157.166(b). (West 2008). The order in this case sets forth the provisions of the underlying trial court order but does not identify the date of any occasion when relator's failure to comply constituted criminal contempt. Because the order fails to comply with section 157.166(b), the punitive portion of the order is void. *Id*. *See In re McDonald*, No. 01-05-00616-CV, 2005 WL 2124155, * 2 (Tex. App. -- Houston [1st Dist.] 2005, orig. proceeding) (mem. op.).

Accordingly, we grant relator's petition and vacate the trial court's order holding him in contempt and ordering that he be incarcerated. We further order relator released from the bond set by this court on December 23, 2011, and order relator discharged from custody.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

2