# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00589-CV

**In re Anthony Sheridan**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator Anthony Sheridan seeks a writ of habeas corpus, arguing that the district court's order holding him in contempt and for commitment is void.[1] The Office of the Attorney General concedes that the trial court erred in waiving a record of the contempt proceedings without the request or consent of the parties and that this Court cannot resolve the issues raised in Sheridan's application without a record. Accordingly, we grant Sheridan's writ of habeas corpus.

### BACKGROUND

On May 17, 2011, Sheridan appeared pro se at a hearing conducted by an associate judge in Travis County district court to respond to a show cause order resulting from his failure to pay child support as ordered in December 2009. Sheridan requested an indigency hearing, and after

---

[1] This proceeding challenges an order rendered June 10, 2011, in the 126th Judicial District Court of Travis County, the Honorable Lora Livingston, Judge Presiding. The case was subsequently transferred to Williamson County.

hearing evidence, the associate judge denied Sheridan's request for an appointed attorney.[2] The hearing was recessed to allow the parties to negotiate, and following recess, the parties submitted an agreed order. Under the terms of the proposed agreed order, the associate judge adjudicated Sheridan in contempt for failure to pay court-ordered child support, assessed punishment at 180 days confinement for punitive or criminal contempt, found that he was able to pay $1,000, ordered him committed to the county jail until that amount was paid for coercive or civil contempt, and ordered him to report on November 29, 2011, to begin commitment. The agreed order states that Sheridan was advised of his rights, including the right to court-appointed counsel if found indigent, and that his request for a court-appointed attorney was denied. The agreed order also states that a record of the proceedings was "waived by the court." The associate judge signed the agreed proposed order, and the district court subsequently adopted the proposed order.

On November 29, 2011, Sheridan was conditionally released upon payment of a cash bond and ordered to appear on February 28, 2012, to review his compliance with the order. On February 28, 2012, the case was transferred to Williamson County and recessed until May 25, 2012, at which time Sheridan was ordered to report for commitment on August 25, 2012. Sheridan failed

---

[2] The record provided by Sheridan in this proceeding provides a less-than-complete procedural background, and some facts stated herein are drawn from the record filed in his related appeal, *Sheridan v. Office of Att'y Gen.*, No. 03-14-00176-CV, which we dismiss for lack of jurisdiction in an opinion issued this same date. We take judicial notice of the record in that appeal, as we may do, whether requested by a party or on our own, at any stage in the proceeding. *See* Tex. R. Evid. 201(b), (c), (f); *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 576 (Tex. App.—Austin 2012, no pet.) (taking judicial notice of California trial court records not contained in record but submitted to appellate court); *In the Interest of J.F.*, No. 02-08-00183-CV, 2009 Tex. App. LEXIS 2130, at *2 n.3 (Tex. App.—Fort Worth Mar. 26, 2009, pet. denied) (mem. op.) (taking judicial notice of reporter's record in prior appeal of case where audiotape recording of proceedings was blank).

2

to appear, and a capias for his arrest was issued. On March 7, 2014, a second capias was issued. On September 16, 2014, Sheridan filed this application for writ of habeas corpus.

## HABEAS CORPUS STANDARD

The purpose of a writ of habeas corpus is not to determine the guilt or innocence of the contemnor, but rather to determine whether he was afforded due process of law or whether the order of contempt is void. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A writ of habeas corpus will be issued if the order underlying the contempt order is void, or if the contempt order itself is void. *See Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding); *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it or if it deprives the relator of liberty without due process of law. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam); *Ex parte Merrikh*, 361 S.W.3d 209, 210 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (per curiam); *In re Ross*, 125 S.W.3d 549, 552 (Tex. App.—Austin 2003, orig. proceeding). The relator bears the burden of showing his entitlement to relief in a habeas corpus proceeding. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

## DISCUSSION

In his first issue, Sheridan argues that the district court's contempt order is void because the associate judge waived the making of a record on her own motion. Section 157.161 of the Family Code provides that a record of the hearing in a motion for enforcement shall be made by a court reporter unless the parties agree to an order or the motion does not request incarceration and

3

the parties waive the requirement of a record. *See* Tex. Fam. Code § 157.161(a), (b).[3] Here, although the parties ultimately agreed to an order, they did not do so until after the district court had taken evidence on and denied Sheridan's request for a determination of indigence and a court-appointed attorney and recessed the hearing so that the parties could negotiate. Because Sheridan did not agree to an order until after the evidentiary portion of the hearing—the critical portion of the record we would review—we cannot conclude that the parties agreed to an order within the meaning of section 157.161 so as to preclude the requirement of a record. *See id.* § 157.161(b)(1).

Further, the order states that a record of the proceedings was "waived by the court." Under section 201.009 of the Family Code, a court reporter is not required in a hearing before an associate judge unless the judge presides over a jury trial or a final termination hearing. *See id.* § 201.009(a); *In re P.L.L.*, No. 07-05-00226-CV, 2006 Tex. App. LEXIS 600, at *2 (Tex. App.—Amarillo Jan. 25, 2006) (mem. op.). Section 201.009 further provides that in the absence of a court reporter, the record may be preserved by any means approved by the associate judge. *See* Tex. Fam. Code § 201.009(c); *In re P.L.L.*, 2006 Tex. App. LEXIS 600, at *2. In such instances, the record is generally preserved by audio recording. *See, e.g.*, *In the Interest of B.R.G.*, 48 S.W.3d 812, 816 (Tex. App.—El Paso 2001); *In re Carlton*, No. 09-07-0241-CV, 2007 Tex. App. LEXIS 4879, at *2 (Tex. App.—Beaumont June 21, 2007, orig. proceeding) (mem. op. ) (per curiam); *In re P.L.L.*, 2006 Tex. App. LEXIS 600, at *2. In this case, the associate judge

---

[3] Although Sheridan relies on section 105.003(c) of the Family Code, which applies generally in suits affecting the parent-child relationship, we apply section 157.161, which applies specifically to enforcement proceedings. *See* Tex. Fam. Code §§ 105.003(c), 157.161.

interlineated the order to reflect that rather than make a record by audio recording, she waived the making of a record. Having already taken evidence on Sheridan's request for indigence and a court-appointed attorney prior to the presentment of an agreed order, the associate judge did not have the authority to waive the record. *See* Tex. Fam. Code § 157.161(a)(b); *In the Interest of Brattain*, No. 05-98-00978-CV, 1999 Tex. App. LEXIS 9099, at *1–2 (Tex. App.—Dallas Dec. 6, 1999, no pet.) (mem. op., not designated for publication) (where order was not agreed and parties did not waive requirement of record, trial court did not have authority to waive record); *cf. Ex parte Coronado*, No. 13-09-00149-CV, 2009 Tex. App. LEXIS 2474, at *11–12 (Tex. App.—Corpus Christi Apr. 9, 2009, orig. proceeding) (mem. op.) (requirements of section 157.161 met where agreed order stated record of proceeding waived by parties with consent of court). The Attorney General concedes error.

Because the associate judge did not have the authority to waive the making of a record, Sheridan has met his burden to show that the contempt order is void on this basis. *See Ex parte Merrikh*, 361 S.W.3d at 210; *In re Stein*, 331 S.W.3d 538, 540 (Tex. App.—Houston [14th Dist.] 2001, orig. proceeding); *In re Turner*, 177 S.W.3d at 288. We sustain Sheridan's first issue. Having concluded that the order is void on the basis of Sheridan's first issue, we do not reach the remainder of his issues, in which he argues that his due process rights were violated because the associate judge denied his requests for a determination of indigence and court-appointed counsel without findings on a record and because he did not knowingly and intentionally waive his right to counsel on the record. *See* Tex. R. App. P. 47.1, 47.4.

# CONCLUSION

After reviewing the application, the Office of the Attorney General's response, and the record submitted by the parties, we conclude that relator has established that he is entitled to relief and, accordingly, we grant the application for writ of habeas corpus and vacate the trial court's judgment of contempt and punishment entered on June 10, 2011. *See* Tex. R. App. P. 52.8.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:  November 14, 2014