ACCEPTED
01-14-00989-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/11/2015 6:27:25 PM
CHRISTOPHER PRINE
CLERK

Cause No. 01-14-00989-CV

In the First Court of Appeals
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/11/2015 6:27:25 PM

CHRISTOPHER A. PRINE
Clerk

*In Re* **SHAYNA (DEBOISE) HERRING,**

*Relator*

Original Proceeding from Cause No. 2010-45732
From 247TH Judicial District Court of Harris County, Texas
The Honorable John Schmude, Presiding

## REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

CASTON LEE DEBOISE
REAL PARTY IN INTEREST/PETITIONER

Of Counsel:

TERISA TAYLOR
State Bar No. 24000240
GRACE M. CRUMP
State Bar No. 24083482
LAW OFFICE OF TERISA TAYLOR, P.C.
917 Franklin Street, Suite 510
Houston, Texas 77002
Tel: (713) 224-990
Fax: (713) 224-9903

ATTORNEYS FOR REAL PARTY IN INTEREST

## TABLE OF CONTENTS

*Page*

TABLE OF CONTENTS.................................................................................................... i

APPENDIX ........................................................................................................................ ii

INDEX OF AUTHORITIES ............................................................................................. ii

STATEMENT OF THE CASE .......................................................................................... 1

LAW AND ARGUMENTS ............................................................................................... 4

I.  It was Proper for the Trial Court to Hold Relator in Contempt for Failing to
    Comply with One Provision of the Court's Order Under the Facts of this Case ..... 4

II.  The Order Holding Respondent in Contempt and for Commitment to County
     Jail Signed on December 11, 2014 is Not Void....................................................... 6

III.  The Trial Court Did Not Have A Duty to Admonish Relator of Her Right to a
      Jury Trial.................................................................................................................. 7

IV.  The Court Did Not Commit Error by Awarding Real Party in Interest 180
     Days as Make-Up Periods of Possession................................................................. 8

V. Given the Evidence Presented, The Court Did Not Commit Error in Finding
   Relator to Be in Contempt ....................................................................................... 12

 CONCLUSION................................................................................................................. 14

RELIEF SOUGHT............................................................................................................ 15

# APPENDIX

Motion for Enforcement by Contempt of Possession and Access and Order to Appear,
Filed April 24, 2013 ............................................................................................... A

Opposed Motion to Enter Order Holding Respondent in Contempt,
Filed November 22, 2013…………………………………………………………… B

Opposed Motion to Enter Order Holding Respondent in Contempt,
Filed May 9, 2014 …………………………………………………………………... C

Order Holding Respondent in Contempt and for Commitment to County Jail …….. D

Motion to Compel Commitment to County Jail ………………………………………. E

Respondent's Special Exceptions …………………………………………………… F

# INDEX OF AUTHORITIES

*CASES*                                                                                          *Page*

*Muniz v. Hoffman,* 422 U.S. 454 (1975) ......................................................... 7

*Taylor v. Hayes,* 418 U.S. 488 (1974) ............................................................. 8

*Byrd v. State,* 336 S.W.3d 242 (Tex.Crim.App. 2011) ...................................... 12, 13

*Ex Parte Browne,* 543 S.W.2d 82 (Tex.1976) .................................................... 4

*Ex Parte Chambers,* 898 S.W.2d 257 (Tex.1995)............................................... 4

*Ex Parte Gordon,* 584 S.W.2d 686 (Tex. 1979) ................................................. 9

*Ex Parte Merrikh,* 361 S.W.3d 209 (Tex. App.—Houston [14th Dist.] 2012) ....... 9

*Ex Parte Rohleder,* 424 S.W.2d 891 (Tex. 1967) ............................................... 9

*Ex Parte Stein,* 331 S.W.3d 538 (Tex. App.—Houston [14th Dist.] 2011)............ 9

*Ex Parte Werblud,* 536 S.W.2d 542 (Tex. 1976) ................................................ 7, 8

*In re Corder,* 332 S.W.3d 498 (Tex.App. – Houston [1ˢᵗ Dist.] 2009)................... 8

*In re Long, 984 S.W.2d 623* (Tex. 1999) ........................................................... 9

*In re Prudential Ins. Co. of America,* 148 S.W.3d 124 (Tex. 2004) ...................... 9

*Walker v. Parker,* 827 S.W.2d 833 (Tex. 1992) ................................................. 10

*STATUES*                                                                                          *Page*

18 U.S.C.A. §1  ............................................................................................ 7

Tex. Fam. Code §153.704 ...................................................................... 12

Tex. Fam. Code §153.705 ...................................................................... 12

Tex. Fam. Code §157.006 ...................................................................... 4

Tex. Fam. Code §157.111 ...................................................................... 4

Tex. Fam. Code §157.168  ...................................................................... 10

Tex. Gov't Code §21.002 ...................................................................... 8

Tex. Rule of Civ. Proc. §94 ...................................................................... 4

iii

## STATEMENT OF FACTS

On January 31, 2011, the 247th Judicial District Court of Harris County, Texas, signed an Agreed Order in Suit Affecting the Parent-Child Relationship and Declaratory Judgment. That Order appointed Relator and Real Party in Interest as joint managing conservators of the child the subject of the suit. Relator was granted the exclusive right to designate the primary residence of the child within Harris and contiguous counties. Real Party in Interest was granted a standard possession order. Both parties were granted telephone access to the child to supplement their periods of possession and a right of first refusal to care for the child in the event the parent currently entitled to possession would be away from the child for four or more hours.

On April 24, 2013, Real Party in Interest filed a Motion for Enforcement by Contempt of Possession and Access and Order to Appear. (Real Party in Interest's Exhibit A). On June 25, 2013, Relator filed a Petition to Modify Parent-Child Relationship. A hearing on Real Party in Interest's Enforcement was held on June 26, 2013 and Relator appeared with counsel. On June 26, 2013, the trial court found Relator in contempt on 12 separate violations of the court's order. Relator was ordered to serve 180 days in the Harris County Jail on each weekend beginning June 28, 2013. Relator was ordered to pay attorney's fees to Real Party in Interest's attorney in the amount of $2,545.40 and Real Party in Interest was granted possession of the child while Relator was confined to the Harris County jail each weekend.

At the entry of the Order Holding [Relator] in Contempt and for Commitment to County Jail, Relator appeared with new counsel and requested a new trial based on ineffective assistance of counsel. The entry of the Order was reset and the trial court ordered the parties to mediate. The parties attended mediation on October 24, 2013 and it resulted in an impasse. On October

1

30, 2013, Real Party in Interested filed an Opposed Motion to Enter Order Holding [Relator] in Contempt and a hearing was set for November 22, 2013. (Real Party in Interest's Exhibit B).

On November 22, 2013, at the hearing to enter the Order holding Relator in contempt, the trial court ordered both parties to submit trial briefs on whether Relator was entitled to a rehearing. Both parties submitted briefs to the trial court on December 2, 2013. Subsequently, the Court made no rulings on Relator's request for new trial and did not sign the Order holding Relator in contempt. On May 9, 2014, Real Party in Interest filed a second Opposed Motion to Enter Order Holding [Relator] in Contempt and for Commitment to County Jail. (Real Party in Interest's Exhibit C).

On August 26, 2014, without a hearing or notice to either party, the trial court signed the Order holding Relator in contempt. (Real Party in Interest's Exhibit D). The visiting judge amended the order to command Relator to begin serving her 180 days sentence on August 24, 2014 and requiring her to pay attorney's fees to Real Party in Interest's attorney by September 1, 2014.

On or about September 8, 2014, Relator hired yet another attorney, who filed a Motion for New Trial on September 25, 2014. On September 26, 2014, Real Party in Interest filed a second Motion for Enforcement by Contempt of Possession and Access and Order to Appear. During this period, Relator failed to report to the Harris County Jail for commitment on the weekends. On October 30, 2014, Real Party in filed a Motion to Compel Commitment to County Jail. (Real Party in Interest's Exhibit E). A hearing on both Real Party in Interest's motions was heard on December 8, 2014.

2

On December 8, 2014, the trial court declined to commit Realtor to jail under the first Order holding her in contempt citing too much time had passed. The trial court then found Relator in contempt on one violation from Real Party in Interest's second Motion for Enforcement and ordered her to 180 days in the Harris County jail to be served on the weekends beginning Friday, December 12, 2014. The trial court also ordered a make-up period of possession for Real Party in Interest and ordered Real Party in Interest to have possession of the child while Relator served her weekends in jail. The trial court also ordered Relator to pay an additional $3,000 in attorney's fees to counsel for Real Party in Interest.

The Order holding Relator in contempt and ordering her commitment to the Harris County jail was entered and signed by the Court on December 11, 2014.

**I. IT WAS PROPER FOR THE TRIAL COURT TO HOLD RELATOR IN CONTEMPT FOR FAILING TO COMPLY WITH ONE PROVISION OF THE COURT'S ORDER UNDER THE FACTS OF THIS CASE.**

The Texas Supreme Court has broadly defined contempt as "disobedience to or disrespect of a court by acting in opposition to its authority." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995) (orig. proceeding). The Supreme Court also observed that contempt is a broad and inherent power of a court. *See, Ex parte Browne*, 543 S.W.2d 82, 86 (Tex.1976) (orig. proceeding).

With this issue, Relator is essentially claiming that she had an affirmative defense of justification in violating the trial court's possession order. Under the Texas Rules of Civil Procedure, any and all affirmative defenses must be affirmatively pled. TRCP 94. Relator failed to file a general denial in this case, let alone an answer that pled affirmative defenses. Relator should be precluded from arguing her affirmative defense for the first time in her Petition for Writ of Habeas Corpus.

Additionally, under the Texas Family Code, the respondent in a motion for enforcement must prove affirmative defenses by a preponderance of the evidence. Tex. Fam. Code. §157.006 (b). The trial court had the benefit of hearing live testimony from several witnesses, including Relator, SHAYNA (DEBOISE) HERRING, and Real Party in Interest, CASTON LEE DEBOISE. As the exclusive judge of the credibility of the witnesses, the trial court did not believe Relator's testimony that she withheld visitation in an attempt to protect the child from Real Party in Interest, (CR 74-5, 79, 81-2). The evidence regarding Relator withholding visitation from Real Party in Interest included evidence that Relator also withheld visitation from the father of another one of her children the same day, (CR 37), ignored text messages and phone calls from both fathers, (CR 34-7, 46, 83-5), did not file any emergency pleadings

4

with the trial court to suspend Real Party in Interest's periods of visitation, (CR 50 and 86-7) and has a history of withholding visitation and alienating the child from the Real Party in Interest, (CR 20-2, 38-9, 43-4, 93-7), supported a reasonable belief that Relator violated the possession order out of malice and not out of a duty to protect the child, (CR 93-5, 97-8).

This was a thinly veiled attempt to justify her actions as in the child's best interests, when, in fact, they are simply to create disruption and discord, and to try to alienate the Real Party in Interest from his child. The Relator's true motives are exposed by the fact that she made no efforts to try to have authorities or the courts intervene; if she had a genuine concern for their child's safety, she would have filed emergency pleadings with the court to modify Real Party in Interest's possession of the child. The trial court did find that Relator has proved her defenses by a preponderance of the evidence.

Additionally, in her Petition for Writ of Habeas Corpus, Relator claims that her attorney on August 15, 2014 "was unable to advise her what to do" on that date. (Relator's Petitioner for Writ of Habeas Corpus, page 10). However, at the hearing on Real Party in Interest's Motion for Enforcement, Relator clearly stated multiple times that she consulted her attorney and was advised by her attorney what to do in that situation, (CR 81, 85-6). Regardless, the advice of Relator's attorney on August 15, 2014 is not a defense to the Motion for Contempt. Tex. Fam. Code §157.111.

Finally, to allow Relator to use her duty to protect the child as both a sword and a shield would be against public policy. Permitting Relator to withhold visitation because of an alleged potential harm to the child would set a dangerous precedent. Parents would be allowed to withhold visitation because of the mere possibility the child and the other parent

might get into a car accident while driving away from the first parent's residence. For all the reasons stated above, it was proper for the trial court to hold Relator in contempt for failing to comply with one provision of the court's order under the facts of this case, and if necessary, order a new start date.

## II. THE ORDER HOLDING RESPONDENT IN CONTEMPT AND FOR COMMITMENT TO COUNTY JAIL SIGNED ON DECEMBER 11, 2014 IS NOT VOID.

During its rendition on December 8, 2014, the trial court told Relator no less than three times where she was to report to jail and on what date and time, (CR. 93-5). The trial court was extremely clear about when Relator's commitment to the Harris County jail was to commence and there can be no doubt in Relator's mind as to when and where she was to report. The date on the Order signed by the Court ordering Relator to submit herself to the county jail on June 28, 2013, (Relator's Exhibit 3, page 3), was clearly a drafting error. Counsel for Relator was provided with a copy of the Order Holding Relator in Contempt and for Commitment to County Jail prior to the entry of the Order on December 11, 2014. Counsel for Relator did not provide counsel for Real Party in Interest any proposed changes to the Order, refused to sign the Order and did not appear at the entry. Instead, counsel for Relator addresses this issue for the first time in his Petition for Writ of Habeas Corpus. The paper order signed by the trial court judge is simply the memorialization of the order rendered by the judge on December 8, 2014; the order rendered by the judge is the one, repeated throughout the record, that the Relator is to turn surrender herself to the custody of the Harris County Jail at 6:00 p.m. on December 12, 2014. Therefore, the Order holding Relator in Contempt is not void.

However, if this Court finds that the Order Holding Respondent in Contempt and for Commitment to County Jail is void because of the drafting error, the remedy is not to hold that

6

the entire order is void.  If this Court finds that the order is void for the drafting error, the Real Party in Interest requests this Court to remand the Order to the trial court for a correction to the date, and if necessary, order a new date for Relator to begin commitment in the Harris County jail.

**III.    THE TRIAL COURT DID NOT HAVE A DUTY TO ADMONISH RELATOR ON HER RIGHT TO A JURY TRIAL.**

The trial court did not have a duty to admonish Relator on her right to a jury trial because in this case Relator did not have a right to a jury trial. In a contempt case, a contemnor's right to a jury trial depends on whether the offense may be classified as petty or serious. *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex. 1976). The difference between a petty offense and a serious offense was most notably established in the United States Supreme Court decision in *Muniz v. Hoffman*, 422 U.S. 454 (1975). Muniz established the following rules:

> "(1) Like other minor crimes, 'petty' contempts may be tried without a jury, but contemnors in serious contempt cases in the federal system have a Sixth Amendment right to jury trial;
>
> (2) criminal contempt, in and of itself and without regard for the punishment imposed, is not a serious offense absent legislative declaration to the contrary;
>
> (3) lacking legislative authorization of more serious punishment, a sentence of as much as six months in prison, plus normal periods of probation may be imposed without a jury trial;
>
> (4) but imprisonment for longer than six months is constitutionally impermissible unless the contemnor has been given the opportunity for a jury trial."

*Id*., at 475-6.   Under Federal criminal law, six months imprisonment is the litmus test for determining whether an offense is considered a petty offense or a serious offense. 18 U.S.C.A. § 1(3).  A Federal Court that uses its contempt authority to punish a contemnor for a period of time

that is not more than six months does not have to grant a jury trial on that issue to the contemnor. *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697 (1974).

The State of Texas follows suit. *Ex parte Werblud*, 536 S.W.2d 542 (Tex. 1976). The statute which authorizes punishment for criminal contempt allows punishment by a fine of not more than $500, or by confinement in the county jail for not more than six months, or both. Tex. Gov't Code §21.002(b). Additionally, this Court ruled in *In re Corder*, that the trial court's duty to admonish the contemnor of their right to a trial by jury only arises if serious punishment is actually imposed. *In re Corder*, 332 S.W.3d 498, 501 (Tex.App. – Houston [1st Dist.] 2009). The trial court's duty to admonish the contemnor is not triggered by the fact that serious punishment is a possible outcome. *Id.*

In this case, Real Party in Interest pled for contemnor to be jailed for not more than 180 days for each violation, and fined not more than $500 for each violation alleged in his Motion for Enforcement by Contempt of Possession and Access. (Relator's Exhibit 1, page 6). Relator was found to be in in contempt and punishment for each separate violation was assessed at confinement in the county jail of Harris County, Texas, for a period of 180 days, or 6 months. (Relator's Exhibit 3, pages 2-4). The actual punishment imposed on contemnor did not exceed 180 days. (Relator's Exhibit 3, pages 2-4). Therefore, the trial court did not have a duty to admonish Relator on her right to a jury trial.

**IV. THE COURT DID NOT COMMIT ERROR BY AWARDING REAL PARTY IN INTEREST 180 DAYS AS MAKE-UP PERIODS OF POSSESSION.**

Whether the trial court erred in awarding Real Party in Interest 180 days as make-up visitation for the three days the trial court found that Relator had withheld is an issue that should be considered in an original mandamus proceeding and not through a Petition for Writ of Habeas

Corpus. Additionally, Relator cannot show that the trial court erred in ordering the make-up periods of possession or that harm occurred from that order.

> ### a. Whether the trial court erred in granting Real Party in Interest 180 days in make-up visitation is an improper issue to be presented in a Petition for Writ of Habeas Corpus.

Whether the trial court erred in granting Real Party in Interest 180 days in make-up visitation is an improper issue to present to this Court through a Petition for Writ of Habeas Corpus. The proper vehicle to address this issue with this Court would normally be through a Writ of Mandamus. An Order of Mandamus is issued to correct a clear abuse of discretion by the trial court when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Since contempt orders are not reviewable by appeal, if a trial court abuses its discretion by holding someone in contempt, there is no other adequate remedy by appeal, and the second requirement of mandamus review is satisfied. *In re Long,* 984 S.W.2d 623, 625 (Tex. 1999).

In Texas Family Law, a habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Merrikh*, 361 S.W.3d 209, 210 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (per curiam); *In re Stein*, 331 S.W.3d 538, 540 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (per curiam); *see also Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The purpose of a writ of habeas corpus is only to determine whether the underlying contempt action met the requirements of due process of law or if the underlying contempt or order of contempt was void. *Merrikh*, 361 S.W.3d at 210; *Stein*, 331 S.W.3d at 540; *see also Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding).

The issue of whether the trail court erred in granting Real Party in Interest 180 days of make-up visitation is an issue of abuse of discretion and is not an issue of due process or whether the contempt order is void.

### b. *The trial court did not err in granting Real Party in Interest 180 days of make-up periods of possession.*

The Texas Family Code permits a trial court to award additional periods of possession and access to a party to compensate for a pervious denial of court-ordered possession or access. Tex. Fam. Code § 157.168(a). It is wholly within the discretion of the trial court to determine whether to grant such an award. However, if the trial court chooses to grant the award, the additional periods of access or possession "must be of the same type and duration of the possession or access that was denied." *Id.* A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

In this case, Real Party in Interest was entitled to possession of the child "beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday." (Relator's Exhibit 2, page 10). The trial court found that Relator had denied Real Party in Interest one of his weekend periods of possession. (Relator's Exhibit 3, page 2). The trial court specifically granted Real Party in Interest an additional period of possession beginning at 6:00 p.m. on December 12, 2014 and ending at 6:00 p.m. on the following Sunday to compensate Real Party in Interest for the period of possession he was denied on August 15, 2014. (Relator's Exhibit 3, page 4). This additional period of possession was clearly of the same type and duration of the period that was denied.

10

Additionally, the trial court ordered Real Party in Interest to have possession of the child beginning at 6:00 p.m. on December 12, 2014 and each Friday thereafter for as long as Relator was serving her weekend periods of confinement. (Relator's Exhibit 3, page 4). Under the Agreed Order in Suit Affecting Parent-Child Relationship and Declaratory Judgment, Real Party in Interest was already entitled to possession of the child for roughly half of the weekends that Relator was ordered to be confined in the Harris County Jail. (Relator's Exhibit 2, pages 9-17). Therefore, Relator's argument that Real Party in Interest was ordered 180 days of make-up visitation is inaccurate at best and misleads this Court. Further, Relator did not bring this issue to the trial court's attention (CR 93-7), and instead complains about for the first time in her Petition for Writ of Habeas Corpus.

Finally, the trial court has broad discretion to enforce its orders. At the enforcement hearing, the trial court heard evidence that Relator continuously thumbs her nose at the trial court and its orders, (CR 83-7, 93-8). The trial court also heard evidence that Relator has continuously acted in bad faith and set out a course of conduct to alienate the child from Real Party in Interest (CR 30-72). Furthermore, the trial court heard evidence that Relator often engages her family members to assist her in setting out this course of conduct, (CR 39). It is with this evidence in mind that the trial court ordered Real Party in Interest to have possession of the child while Relator served her periods of confinement in the Harris County Jail.

### c.  *Alternatively, any error in granting make-up visitation was harmless error.*

Should the Court find that the trial court erred in awarding Real Party in Interest 180 days as make-up periods of possession when the evidence showed that he had missed only three days, it should also find that it was harmless error. It is a steadfast rule of Texas Family Law that the superior right of possession that is granted to a parent through a possession order is for the

benefit of that parent and is intended to be exercised by that parent. The superior right of possession established by a possession order cannot be transferred to a step-parent, grandparent, or any other relative in the absence of the parent with the superior right of possession. The only time the Texas Legislature has ever carved out an exception that allows a parent to designate a third party to exercise that parent's period(s) of possession is in the case of active duty military members. *See,* Tex. Fam. Code §153.704 & 153.705. It is clear that in most cases the Texas Legislature never intended for visitation to be exercised by a step-parent, grandparent, or other relative in the absence of a parent.

In this case, with Relator ordered to spend every weekend in jail until she had served 180 days, Real Party in Interest would be the only person entitled to possession of the child during Relator's absence. Additionally, pursuant to the underlying Agreed Order in Suit Affecting Parent-Child Relationship and Declaratory Judgment signed by the trial court on January 31, 2011, Real Party in Interest is entitled to a right of first refusal in the event that Relator will be away from the child for four hours or more. (Relator's Exhibit 2, page 17). Therefore, if the trial court erred in awarding Real Party in Interest 180 days as make-up periods of possession when the evidence showed that he had missed only three days it would be harmless error because Relator cannot designate a third party to exercise her periods of possession while she is in jail and Real Party in Interest would have simply notified Relator of his intent to exercise his right of first refusal.

## V. GIVEN THE EVIDENCE PRESENTED, THE COURT DID NOT COMMIT ERROR IN FINDING RELATOR TO BE IN CONTEMPT.

Any variance in this case between the allegations contained in Real Party in Interest's Motion for Enforcement and evidence presented at the hearing is immaterial. In *Byrd v. State*, the

12

Texas Court of Criminal Appeals lays out a definition for variance and an informative discussion on the difference between marital and immaterial variances:

> "Now suppose that the State proves that the defendant killed Dan McGrew, but every witness agreed that Dan was not at all dangerous and had never been called Dangerous. Or suppose that the evidence showed that the murder victim was really Don McGrew, Daniel Macgrew, or Dan Magoo. These are all examples of variances between the allegation and the proof, but they are little mistakes, generally not likely to prejudice a defendant's substantial rights by either (1) failing to give him notice of who it was he allegedly killed, or (2) allowing a second murder prosecution for killing the same person with a different spelling of his name. Little mistakes or variances that do not prejudice a defendant's substantial rights are immaterial. On the other hand, a conviction that contains a material variance that fails to give the defendant sufficient notice or would not bar a second prosecution for the same murder requires reversal, even when the evidence is otherwise legally sufficient to support the conviction."

*Byrd v. State*, 336 S.W.3d 242, at 246-8 (Tex.Crim.App. 2011).

Pursuant to the underlying Agreed Order in Suit Affecting Parent-Child Relationship and Declaratory Judgment, Real Party in Interest was permitted to designate any competent adult to pick up the child at the beginning of Real Party in Interest's periods of possession. (Relator's Exhibit 2, page 17). On August 15, 2014, Real Party in Interest designated the father of Relator's eight year old daughter to pick up his son at the beginning of Real Party in Interest's period of possession, (CR 45-6, 79). The other father was acting as an agent of and as an extension of Real Party in Interest. Additionally, there was testimony that the fathers often pick up the children together or that one father will pick up both children, (CR 32-3, 38-9, 40). Relator was on notice that day that Real Party in Interest was sending a third party as his proxy. (CR 79). Further, Relator stated that had Real Party in Interest not sent a proxy, she still would have denied him visitation on August 15, 2014 (CR 79). Relator knew exactly whose possession of the child she was denying. Therefore, any variance between the alleged violations and the evidence presented at the hearing is immaterial.

13

Finally, once again, Relator complains of this issue for the first time in her Petition for Writ of Habeas Corpus. The alleged violation that Relator complains of in this issue was "Violation 2" of Real Party in Interest's Motion to Enforce (Relator's Exhibit 1, page 5). On November 12, 2014, Relator filed special exceptions to Real Party in Interest's Motion to Enforce. (Real Party in Interest's Exhibit F). Relator did not specially except to "Violation 2". (Real Party in Interest's Exhibit 1, pages 1-3).

For the reasons stated above, the trial court did not err finding Relator in contempt.

## CONCLUSION

The finding of contempt by the trial court was proper given the pleadings on file, the evidence presented and the arguments made by counsel. Additionally, the Order Holding Respondent in Contempt and for Commitment to County Jail is valid and should be enforced. This Habeas processing is just another attempt by Relator to use smoke and mirrors to avoid being held responsible for her violations and contempt. Relator has no respect for the judicial system or the orders of the Court.

## RELIEF SOUGHT

Real Party in Interest requests that the Court of Appeals deny Relator's Writ for Habeas Corpus.

In the alternative, Real Party in Interest requests the Court of Appeals to sever any provisions of the Order it finds void and remand those provisions back to the trial court for correction.

Respectfully submitted

By: _____
TERISA TAYLOR
State Bar No. 24000240
**GRACE M. CRUMP**
State Bar No. 24083482
917 Franklin Street, Suite 510
Houston, Texas 77002
Tel: (713) 224-9900
Fax: (713) 224-9903
Attorneys for Caston Lee DeBoise

## WORD COUNT

I, GRACE M. CRUMP, do hereby certify that the foregoing document contains 4,408 words.

_____
**GRACE M. CRUMP**

15

## CERTIFICATE OF SERVICE

I certify that on February 11, 2015, a true and correct copy of this Response to Relator's Petition for Writ of Habeas Corpus was served upon Relator and Respondent in accordance with the Texas Rules of Civil Procedure and Appellate Procedure by eService and facsimile transmission, to:

Judge John Schmude
247th Judicial District Court
201 Caroline Street, 15th Floor
Houston, TX 77002


George W. Dana
11550 Fuqua, Suite 340
Houston, Texas 77934
Tel: (281) 484-7500
Fax: (281) 484-9687

**TERISA TAYLOR**
**GRACE M. CRUMP**
Attorneys for Real Party in
Interest/Petitioner

16