**Ex parte Dennis Lloyd ROBERTS, Relator.**

**No. 6095.**

Court of Civil Appeals of Texas, Waco.

May 31, 1979.

Rehearing Denied June 21, 1979.

Franklin R. Valentine, Jr., Waco, for relator.

Charles B. McGregor and Pat Beard, Beard & Kultgen, Waco, for respondent.

## OPINION

McDONALD, Chief Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a VATS, in which relator Dennis Lloyd Roberts, seeks release from the custody of the Sheriff of McLennan County.

Relator Dennis Lloyd Roberts and Susan Eve Roberts were divorced on March 13, 1978 in the 170th District Court of McLennan County. The decree required relator to pay $200. per month child support for the parties' two minor children aged 10 and 6.

On October 7, 1978 Susan Eve Roberts filed motion in the 170th District Court of McLennan County, reciting the above; that relator was $800. in arrears in his child support payments; and requesting the court to set a hearing and issue notice to relator to show cause why he should not be held in contempt for failure to make such payments. It took some 5 months to get service on relator. Hearing was had on May 7, 1979 after which the court found relator $2200. in arrears in his child support payments; that no facts existed which might excuse relator from failing to obey and comply with the order to make child support payments; and held relator in contempt for such failure and disobedience. The trial court assessed punishment for relator at 180 days confinement in the County Jail of McLennan County; and further decreed he be confined until he purged himself of his contempt by payment of $2200. unpaid child support into the registry of the court for his children.

Relator was committed to the custody of the Sheriff on May 7, 1979; and on May 11, 1979 filed petition for Writ of Habeas Corpus in this court alleging he is illegally restrained of his liberty because the May 7, 1979 decree is void for reasons listed in six points.

This court issued the Writ of Habeas Corpus, ordered relator released on $3000. cash bond, and set hearing for May 17, 1979.

Point 1 asserts relator has no financial capability to make the child support payments ordered by the court.

Where a party charged with contempt for failure to comply with a court order requiring the payment of money, shows that such failure resulted from poverty, insolvency, or other cause not attributable to his own fault, such showing will ordinarily relieve him from the consequences of contempt. *Ex parte Gonzales*, Tex., 414 S.W.2d 656. However, it is such party's burden to show the basis for his inability to comply with the court's order. *Ex parte Padfield*, 154 Tex.

253, 276 S.W.2d 247, and the evidence presented on behalf of the party charged must conclusively establish his involuntary inability to perform. *Ex parte Kollenborn*, 154 Tex. 223, 276 S.W.2d 251.

Where the party charged with contempt claims he was financially unable to make the required payment, he ordinarily must establish 1) he lacked personal or real property which could be sold or mortgaged to raise the needed sum; 2) that he had unsuccessfully attempted to borrow the sum; 3) that he knows of no source including relatives from whom he could borrow or otherwise secure the sum. *Ex parte Hennig*, Tex.Civ.App. (Dallas) NWH, 559 S.W.2d 401. He must show without substantial contradiction in the record that he was unable at the time of hearing to do the act required by the judgment as a condition for release from custody. *Ex parte Deckert*, Tex.Civ.App. (Houston 1) NWH, 559 S.W.2d 847; *Ex parte Andrews*, Tex.Civ.App. (Houston 1) NWH, 566 S.W.2d 668.

The record reflects relator quit a job paying $20,000. per year and has secured a job paying $6,000. per year since the divorce; that he failed to make his support payments prior to quitting; that he purchased a new pickup truck while he claims to be unable to pay; that he has remarried and has been supporting the new wife and her children by a prior marriage; that he had retained an attorney to represent him in this proceeding; and he is on cash bail posted in his behalf in the amount of $3000.

Point 2 asserts relator was indigent at the date of hearing, had no counsel to represent him at the May 7, 1979 hearing, and that no counsel was appointed for him.

The record reflects relator waived his right to counsel at the May 7, 1979 hearing; that he had $300. in cash at the time of such hearing; that he has employed counsel now and has had posted $3000. in cash bail to secure his release from jail pending hearing.

■ Point 3 asserts relator was never put on notice that he was being cited for contempt.

Certified copies of the Motion for Contempt, the Show Cause Order, the Citation and the Sheriff's return on same, made a part of the record by relator, is total proof to the contrary.

Point 4 asserts the trial court's order is without support in the evidence.

From the record recited we hold the evidence ample and sufficient to support the order and judgment of the trial court.

■ Point 5 asserts relator was not informed he was entitled to trial by jury. Relator did not request a trial by jury and waived same. Moreover a sentence of 6 months or less may be imposed for contempt without a jury trial. *Ex parte Werblud*, Tex., 536 S.W.2d 542.

■ Point 6 asserts the trial court erred in overruling relator's objection to certain evidence. Relator was asked at the hearing if he had paid some furniture payments ordered paid by him in the divorce decree. He objected to the question as not relevant to the contempt. The trial court overruled such objection. Relator answered the question that he had not made the payments as he was not financially able. The question was relevant.

All relator's points and contentions have been considered and are overruled. Relator has shown no basis for relief.

The application for Writ of Habeas Corpus is denied, and relator is remanded to the custody of the Sheriff of McLennan County, Texas.