**Ex parte Henry Gayle JONES.**

No. 6248.

Court of Civil Appeals of Texas, Waco.

July 3, 1980.

W. Tyler Moore, Jr., Moore, Moore & Harris, Bryan, for relator.

Eugene D. Lyles, Jr., Robison & Lyles, College Station, for respondent.

## OPINION

McDONALD, Chief Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a VATS in which Relator Henry Gayle Jones, seeks release from the custody of the Sheriff of Brazos County.

Relator Henry Gayle Jones and Delma H. Jones were divorced on February 5, 1976 in the 85th District Court of Brazos County. The decree required relator to pay $400. per month child support for the parties' three minor children born April 6, 1965, July 25, 1966 and August 22, 1970.

On April 3, 1980 Delma H. Jones filed motion in the 85th District Court of Brazos County, reciting the above; that relator was $16,350. in arrears in his child support payments; and requesting the court to set a hearing and issue notice to Henry Gayle Jones to show cause why he should not be held in contempt for failure to make such payments. Henry Gayle Jones was served on April 15, 1980, requiring him to answer by Monday, May 12, 1980. Relator filed no answer and did not appear. Hearing was had after which the trial court by decree of May 23, 1980 found relator $16,350. in arrears in his child support payments; that no facts existed which might excuse relator from failing to obey and comply with the order to make child support payments; and held relator in contempt for such failure; fixed his punishment at confinement in the Brazos County jail "for a period of 30 days"; and further decreed he be confined until he purge himself of such contempt by payment of the $16,350. arrearage plus $43. court costs and $300. attorney's fee.

Relator was committed to the custody of the Sheriff on June 17, 1980 and on June 23, 1980 filed petition for Writ of Habeas Corpus alleging he is illegally restrained of his liberty because the May 23, 1980 decree is void because: 1) Relator cannot perform the acts necessary to purge contempt, i. e. pay the sum of $16,350. in child support arrearage because he has no money, no property which could be sold or mortgaged, has tried to borrow money without success, and knows of no source from which he could borrow money. 2) Relator's confinement denies him due process of law in that movant Delma H. Jones "twice before the contempt hearing informed him of her intention to dismiss the contempt motion and that he need not appear; relying on her representations, [he] did not appear to present evidence of his inability to pay arrearages".

This Court issued the Writ of Habeas Corpus and set hearing for June 26, 1980. The record consists of the Transcript and Statement of Facts adduced in the trial court. The Statement of Facts reflects relator was in arrears $16,350.; that he was a construction superintendent and earned some "$1800. to $2000. per month".

Relator urges by affidavit and in his brief that he is totally unable to pay, has no property, cannot borrow the money; and that he was precluded from presenting his evidence to such effect by movant's telling

him she was going to "dismiss the case", that he relied on such statements and did not appear.

■ A judgment of contempt imposing a coercive restraint is void if the conditions for purging the contempt are impossible of performance. *Ex parte Ramzy*, Tex., 424 S.W.2d 220. But the burden is on relator to establish that he cannot perform the act necessary to purge himself. *Ex parte Roberts*, Tex.Civ.App. (Waco) 582 S.W.2d 910. And this must be done in the trial court. *Ex parte Ramzy*, Tex., 424 S.W.2d 220.

In this case relator did not adduce evidence at the contempt hearing because he was not present. He did have notice of the hearing, but contends he was told by his ex-wife she was going to dismiss so he did not attend.

■ In such state of the record we hold that the trial court's order holding relator in contempt is not void.

Relator contends he may be held in jail for life.

We suggest that since the contempt order is not a final judgment but is interlocutory, that the trial court still maintains jurisdiction over the cause; that relator should file a motion to modify or vacate with the trial court asserting as he did here: 1) That his ability to purge i. e. pay $16,350. is impossible of performance; 2) that he was prevented from establishing same by reliance on the movant's statement she was going to dismiss her complaint. He can then at hearing on such motion present his evidence on both counts and if unsuccessful in persuading the trial court to vacate or modify, he can secure review by application for Writ of Habeas Corpus, to this Court, this time reinforced by a record made in the trial court containing his evidence. See: *Ex parte Ramzy*, Tex., 424 S.W.2d 220 (concurring opinion), and *Ex parte Lindsey*, Tex.Civ.App. (Dallas) 561 S.W.2d 572.

Relator's application for Writ of Habeas Corpus is denied.