**In re David SMITH, Relator.**

**No. 05–11–01427–CV.**

Court of Appeals of Texas, Dallas.

Dec. 14, 2011.

Rehearing Overruled Jan. 5, 2012.

---

Cynthia Woolen Allen, The Allen Law Firm, John D. Nation, Nation Law Firm, Dallas, TX, for Relator.

Sheila Ford, Assistant Attorney General, Dallas, TX, for Respondent.

Rande Herrell, John B. Worley, Michael D. Becker, Deterrean Gamble, Attorney General Office, Child Support Division, Austin, TX, for Real Party in Interest.

Before Justices MORRIS, FRANCIS, and MYERS.

## OPINION

Opinion by Justice FRANCIS.

Before the Court is relator's petition for habeas corpus relating to the trial court's commitment order dated October 18, 2011. Relator complains that the trial court ordered his incarceration despite evidence proving he was unable to pay the amount of child support owed. We agree with relator. Accordingly, we grant the writ of habeas corpus, set aside the order of commitment, and order relator discharged.

■■■ A contempt order imposing a coercive restraint is void and subject to collateral attack by habeas corpus if the condition for purging the contempt is impossible of performance. *Ex parte Dustman,* 538 S.W.2d 409, 410 (Tex.1976) (orig. proceeding). In other words, "a person cannot be incarcerated indefinitely for contempt if he or she does not have the ability to perform the condition required for release." *In re Brownhill,* No. 14–07–00346–CV, 2007 WL 1624776, at *2 (Tex.App.-Houston [14th Dist.] June 7, 2007, orig. proceeding). Accordingly, a person who is obligated to pay child support may plead, as an affirmative defense to an allegation of contempt, that he: "(1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed; (3) attempted unsuccessfully to borrow the funds needed; and (4) knew of no source from which the money could have been borrowed or legally obtained." TEX. FAM.CODE ANN. § 157.008(c) (West 2008). The obligor is required to prove this affirmative defense by a preponderance of the evidence. *Ex parte Roosth,* 881 S.W.2d 300, 301 (Tex.1994) (orig. proceeding).

In this case, the court required relator to make a lump sum payment of $1000

toward his child support arrearage. Relator testified before the court that he was not able to pay a lump sum, addressing each of the four elements required by § 157.008(c). The attorney general did not present any evidence to contradict relator's testimony, nor any evidence that relator had the ability to pay the $1000 at the time of the hearing. Relator conclusively established his inability to pay the amount owed; denying relator's petition for habeas corpus in this instance would, in effect, "authorize the trial court to confine the relator for the balance of his natural life." *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex.1996) (orig. proceeding).

Therefore, we **GRANT** habeas corpus relief and **VACATE** the October 18, 2011, order of commitment signed by Honorable Lori C. Hockett, presiding judge of the 255th Judicial District Court of Dallas County, Texas, in cause number DF–07–18708–S, styled *In the Interest of Triniti Lajames Dabney, a Child*. We **ORDER** that relator David Smith be unconditionally released and discharged from the custody of the Sheriff of Dallas County based on that same order of commitment. We further **DISCHARGE** the bond paid by relator in accordance with this Court's order of October 21, 2011.