

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00073-CV

_____

## IN THE INTEREST OF J.P. AND S.P., CHILDREN

On Appeal from the 321st District Court
Smith County, Texas
Trial Court No. 11-2679-D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Robert Phillips' punitive contempt sentence in Smith County[1] of 180 days' confinement in the county jail was imposed as a result of his failure to pay court-ordered medical and child support. The sentence was suspended, and Phillips was placed on community supervision for a period of 120 months. We affirm the judgment of the trial court because (1) payment of the original arrearages did not avoid a contempt finding, (2) imposition of a 120-month community-supervision term was not an abuse of discretion, (3) Phillips' attempted appeal of the earlier child support order is untimely, and (4) the affirmative defense to a contempt finding was not proven.

In May 2012, Phillips was ordered to pay monthly child support of $309.65 and monthly medical support of $25.00 for his two children, J.P. and S.P. When Phillips failed to make his support payments, the Texas Attorney General's Office filed a motion for enforcement of child and medical support, alleging repeated violations of the support order. The motion claimed past due support from May 2012 through September 2012, plus interest, allegedly totaling $1,678.28. The Attorney General's Office asked the trial court to enter a judgment on arrearages, to hold Phillips in contempt, and to punish him by commitment to the county jail for not more than 180 days. The hearing was set for May 20, 2013.

In December 2012, Phillips paid $3,000.00 for past due child and medical support, resulting in an overpayment of $297.69 at the time. Following this payment, Phillips made no further medical or child support payments for the months of January through May 2013. At the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

time of the May hearing, Phillips owed past due medical and child support in the amount of $1,377.61.

Phillips, who waived the right to counsel and represented himself at the May hearing, explained that he is self-employed in the lawn care business. Because his work is sporadic, he does not receive a regular paycheck. For this reason, Phillips did not make any child or medical support payments between May and October 2012. The December 2012 payments totaling $3,000.00 were the only support payments he made.

At the conclusion of the hearing, the trial court entered an order enforcing child support and medical support obligations. Two provisions of the order are primary to this appeal. First, the court found that, although Phillips could have timely paid court-ordered child and medical support from June through September 2012, he failed to do so. Phillips was therefore held in punitive contempt for failing to make each such payment, and was committed to county jail for 180 days for each separate act of contempt. The commitments were ordered to run concurrently. The court suspended jail time and placed Phillips on community supervision for 120 months from the date of the order, in accordance with Section 157.212 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 157.212 (West 2008). Second, the court confirmed past due child support as of April 30, 2013, as $942.58, and past due medical support as of the same date in the amount of $100.38 and entered judgment for those past due amounts.

*(1)      Payment of the Original Arrearages Did Not Avoid a Contempt Finding*

The motion for enforcement was based on Phillips' failure to pay medical and child support for the months of May 2012 through September 2012. Phillips contends that, because he

3

paid the full amount of this arrearage in December 2012, well before the May 2013 hearing, the court had no basis for its contempt finding. The law in effect at the time of the hearing permitted an obligor to avoid a finding of contempt:

> A court may not find a respondent in contempt of court for failure to pay child support if the respondent appears at the hearing with a copy of the payment record or other evidence satisfactory to the court showing that the respondent is current in the payment of child support as ordered by the court.

TEX. FAM. CODE ANN. § 157.162(d) (West 2008).[2] It is undisputed that Phillips made three payments of $1,000.00 each on past due medical and child support in December 2012, bringing him current on all obligations due. Although Phillips was current on past due medical and child support as those amounts were alleged in the enforcement motion, evidence presented at the hearing revealed that additional arrearages accrued during the months of January through April 2013. These arrearages remained outstanding at the time of the May 2013 enforcement hearing.[3]

The State contends that because arrearages remained outstanding at the time of the hearing, the trial court was empowered to hold Phillips in contempt. In support of this contention, the State relies on *In re Office of Atty. Gen.*, No. 11-0255, 2013 WL 854785, at *4 (Tex. Mar. 8, 2013).[4] In that case, the high court held:

> The date on which the respondent must demonstrate that he or she is "current"—
> is the date of the hearing. In turn, the plain language of the provision requires the

---

[2]This provision of the Family Code was repealed May 22, 2013. *See* Act of May 22, 2013, 83rd Leg., R.S., ch. 649, §§ 1, 2, 2013 Tex. Sess. Law Serv. 1735, 1735 (West). The Act specifically provides that "A hearing that commences before the effective date of this Act is governed by the law in effect on the date the hearing commenced, and the former law is continued in effect for that purpose." Act of May 22, 2013, 83rd Leg., R.S., ch. 649, § 3, 2013 Tex. Sess. Law Serv. 1735, 1735 (West).

[3]In April 2013, past due medical and child support totaled $1,042.96.

[4]This opinion has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawal.

4

respondent to show that no outstanding arrearage exists as of that date. . . . The statute requires that an obligor be current on child support payments "as ordered by the court." The only "order" in effect at the time of an enforcement hearing is the prior court order setting out the obligor's child support obligations. Thus, the phrase "as ordered by the court" necessarily refers to that earlier order, which specifies all child support payments owed by the obligor, including those to be paid after the motion to enforce is filed.

*Id.* On the date of the hearing, Phillips was unable to demonstrate that he was "current in the payment of child support as ordered by the court." *See* TEX. FAM. CODE ANN. § 157.162(d). Even though Phillips paid those arrearages pled in the motion to enforce, Phillips owed additional support accrued from January through April 2013. Although the late payments alleged in the enforcement motion serve as a basis for contempt, "they do not limit the payments that must be current to obtain the protection of the purging provision." *Office of Atty. Gen.*, 2013 WL 854785, at *5. We overrule this point of error.

*(2)     Imposition of 120-Month Community Supervision Term Was Not an Abuse of Discretion*

Phillips contends the imposition of 120 months of community supervision is excessive punishment under the facts presented.[5] A trial court is given wide latitude to determine the appropriate sentence in a given case. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.—Texarkana 2005, no pet.). Generally,

---

[5]Phillips also complains that the trial court failed to pronounce the term of community supervision at the hearing. The record reflects, however, that, before the hearing was finally concluded, Phillips left the courtroom and could not be located. After the trial court informed Phillips that he would be on community supervision, the court informed Phillips that he needed to talk to "Ms. Zehren." Counsel for the Attorney General's Office asked Phillips to "grab a seat" because "it will take us a little bit to go through the paperwork and get all that done." The court then advised Phillips to "just have a seat, please. We'll be back to you." The record then reflects a statement by Community Supervision Officer Zehern that she gave Phillips the paperwork to fill out and that "Mr. Phillips sat the paperwork on the bench, did not fill it out, and left." Zehern indicated that she was unable to reach Phillips on his cell phone, and he left without an appointment for community supervision. Given these facts, it is apparent that Phillips' hasty exit from the courtroom precluded the trial court from informing him of the terms of his community supervision.

5

a sentence will not be disturbed as long as it is within the proper range of punishment. *Jackson*, 680 S.W.2d at 814.

On finding an obligor in contempt, the trial court may, in its discretion, impose a jail sentence, but suspend commitment and place the obligor on community supervision. TEX. FAM. CODE ANN. § 157.165 (West 2008); *Office of Atty. Gen.*, 2013 WL 854785, at *3. When this is done, the obligor may avoid incarceration by complying with the community supervision conditions set by the trial court. TEX. FAM. CODE ANN. § 157.211 (West 2008). The initial period of community supervision may not exceed ten years. TEX. FAM. CODE ANN. § 157.212.

Here, the trial court assessed a punishment within the statutory range of punishment. A trial court will be found to have abused its discretion only if there is no evidence or factual basis for the punishment imposed. *Jackson*, 680 S.W.2d at 814; *Benjamin v. State*, 874 S.W.2d 132, 135 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Because the sentence imposed was within the applicable range of punishment, and based on the evidence before the trial court, the court did not abuse its discretion in sentencing Phillips to 120 months' community supervision. We overrule this point of error.

*(3)     Phillips' Attempted Appeal of the Earlier Child Support Order is Untimely*

Phillips contends the amount of court-ordered child support fails to comply with Section 154.129 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.129 (West 2008) (alternative method of computing support for children in more than one household). The amount of child support was set by court order dated May 22, 2012. To the extent Phillips complains of matters covered by the original support order, such complaints are untimely. An appellant has

6

no more than ninety days from the date of the signing of the judgment to give notice of appeal and invoke the jurisdiction of the appellate court to hear the appeal. TEX. R. APP. P. 26.1; *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010). Accordingly, any notice of appeal from the May 22, 2012, order must have been filed no later than August 20, 2012. *See* TEX. R. APP. P. 26.1. The notice of appeal in this case was filed June 19, 2013, and was only taken from the enforcement order. Accordingly, this Court is without jurisdiction to consider matters related to the May 22, 2012, child support order.

*(4)     The Affirmative Defense to a Contempt Finding Was Not Proven*

Phillips further complains that the enforcement order is incorrect in that it finds that he could have made timely support payments. A person cannot be held in contempt for failing to pay child support if he or she establishes that he or she

> (1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the needed funds; (3) attempted unsuccessfully to borrow the needed funds; and (4) knew of no source from which the money could be borrowed or legally obtained.

TEX. FAM. CODE ANN. § 157.008(c)(1)–(4) (West 2008). The obligor is required to prove this affirmative defense by a preponderance of the evidence. *In re Smith*, 354 S.W.3d 929, 930 (Tex. App. Dallas—2011, no pet.). At the hearing, Phillips testified that his work was sporadic, and he did not receive a regular paycheck. This testimony is insufficient to satisfy the necessary elements of the affirmative defense required by the statute. We overrule this point of error.[6]

---

[6]Phillips indicates he provided documentation to the Attorney General's Office evidencing the fact that he was unable to make the support payments. Phillips failed to introduce any such documentation at the enforcement hearing.

7

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 26, 2013
Date Decided:       December 11, 2013