**Denied and Opinion Filed August 16, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00930-CV
_____

### IN RE JOSEPH STROFFOLINO, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00125-2018**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Before the Court is relator's petition for writ of habeas corpus in which he complains of the trial court's March 23, 2018 capias and bench warrant. In that order, the trial court found relator in contempt for failing to comply with prior discovery orders and failing to appear at the March 23, 2018 show cause hearing and directed the Collin County Sheriff to take relator into custody until relator complies with the trial court's orders. Relator states that he was arrested pursuant to the bench warrant on August 13, 2018. In this original proceeding, relator seeks a writ of habeas corpus directing relator's release from custody and dissolving the bench warrant.

A contempt judgment may be collaterally attacked in an original habeas corpus proceeding. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, or

if the contempt order itself is void. *Id.* An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *In re Stein*, 331 S.W.3d 538, 540 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983) and *Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding)). A judgment of contempt imposing a coercive restraint is void if the conditions for purging the contempt are impossible to perform. *Ex parte Jones*, 602 S.W.2d 400, 402 (Tex. Civ. App.—Waco 1980, orig. proceeding). But the burden is on the relator to establish in the trial court that he cannot perform the act necessary to purge himself. *Id.*

To obtain habeas relief, the relator must provide proof that he is currently being restrained. TEX. R. APP. P. 52.3(k)(1)(D); *In re Kuster*, 363 S.W.3d 287, 293 (Tex. App.—Amarillo 2012, orig. proceeding). The record includes no proof that relator was arrested or that relator remains confined or restrained. The petition, therefore, does not provide the Court with the proof of current restraint required by Rule 52 and should, therefore, be denied.

Accordingly, we deny relator's August 15, 2018 "petition for writ of habeas corpus and dissolution of warrant" without addressing the merits of the petition.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180930F.P05