**DENY; and Opinion Filed September 11, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00327-CV

### IN RE STEVEN K. TOPLETZ, Relator

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04120-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

Relator Steven K. Topletz filed a petition for writ of habeas corpus and an emergency

motion for relief after the trial court ordered him jailed for civil contempt for failing to comply

with the trial court's order to produce documents from a family-run trust during post-judgment

discovery. Relator contends the documents are not within his possession, custody, or control and

thus he cannot purge himself of contempt to effectuate his release. We deny relief.

### BACKGROUND

Relator is a beneficiary of the Steven Topletz 2011 Family Trust ("the trust") set up by his

father and overseen by relator's brother, sister, and cousin as trustees. Section 4.12 of the trust

instrument provides:

> Each beneficiary who has attained the age of twenty-five years shall have free
> access to those books, records and accounts at all reasonable times during regular
> business hours. If such beneficiary requests, a profit and loss statement, fully
> disclosing the fiscal operations of the trust for the preceding year, and a balance
> sheet, which accurately reflects the financial status of the trust at the expiration of

the preceding year, shall be furnished to such beneficiary within ninety days of the end of the fiscal year. Any beneficiary who has attained the age of twenty-five years may cause the books, records and accounts of any trust in which the beneficiary has a beneficial interest to be audited at any time. . . .[1]

The real party in interest ("Wadle") seeks to collect from relator on a 2015 judgment. During post-judgment discovery, the parties agreed relator would produce the trust instrument and tax returns from the trust subject to a protective order. The agreement was reflected in an email sent by relator's former counsel in 2017 that relates:

> As I have said, we will produce the tax returns and the Steven Topletz 2011 Family Trust subject to the protective order which I have previously signed and sent to you for entry by the Court when you send me a signed copy of the protective order. I also require an Order from the Court ordering the production of the trust document subject to the protective order so we eliminate the issue of [relator] being required to breach a contractual agreement without an order of the Court.
>
> I think this could be included in an order on your amended Motion to Compel granting it as to document production, production of the trust subject to the protective order and denying your request (or withdrawing your request) for sanctions.
>
> We can provide you with an affidavit from [relator] stating that he has produced all documents requested that were in his possession or to which he had access or you can send additional interrogatories to inquire. Either way, I would like to put some finality to document production.

After changing attorneys, relator refused to produce documents from the trust, citing *In re Kuntz* as legal authority that he did not have possession of the trust documents. *See In re Kuntz*, 124 S.W.3d 179 (Tex. 2003) (orig. proceeding). Nevertheless, on June 27, 2018, the trial court granted Wadle's second amended motion to compel and it ordered relator to produce for in camera inspection within ten days "the agreement creating the Steven Topletz 2011 Family Trust" and any documents related to it responsive to six categories of documents Wadle had requested. In a handwritten addendum at the bottom of the order, relator was directed to "produce the trust

---

[1] The trust instrument admitted into evidence was sealed by the trial court at relator's insistence. The full trust instrument has not been filed with the Court. Both parties agree section 4.12, quoted in the trial court's judgment for contempt, is the material provision.

documents and the tax returns as requested. [Relator] shall also produce the other documents requested that are in his possession, custody or control." The order also requires relator to pay Wadle $1,000 in attorney's fees.

On July 2, 2018, relator wrote a letter to trustee Dennis Topletz asking for "copies of the tax returns for the Trust from 2012 to 2016 and any documents for the same period related to items 9, 10, 14, 18, 27 and 28 of Plaintiff's Production Requests." Relator's counsel followed up with a July 10, 2018 letter also requesting documents from the trustee that would be responsive to the production requests, noting that the production was to include "the trust documents and related tax returns as requested" and that the relevant time period was 2012 to 2016. On July 12, 2018, counsel for the trustee responded with a letter refusing to provide the documents, but offering to provide relator with a profit and loss statement or balance sheet upon proper request.

On July 13, 2018, relator produced documents under the June 27, 2018 order, but he did not produce any tax returns or financial documents from the trust. Instead, relator produced a copy of the trust instrument and his correspondence with the trustee.

Wadle filed a motion for contempt for failure to produce the documents or pay the $1,000 in fees as required in the June 27, 2018 order. After conducting a hearing, the trial court entered a February 28, 2019 order requiring relator to pay $3,500 in fees and to produce the documents by March 11, 2019, or he will be held in contempt.

On March 8, 2019, relator filed a petition for writ of mandamus with this Court to contest the document production. The Court denied relief on the ground the trial court had not made a ruling ordering relator to produce any documents that were not within his possession, custody, or control and thus there was not a clear, adverse ruling by the trial court. The Court reasoned the fees award would be subject to an adequate remedy by appeal. *See In re Topletz*, No. 05-19-00293-CV, 2019 WL 1109698 (Tex. App.—Dallas Mar. 11, 2019, orig. proceeding). On March 11, 2019,

relator filed a notice of appeal regarding the trial court's award of $3,500 in monetary sanctions. This appeal was subsequently dismissed in favor of the current habeas action. *See Topletz v. Wadle*, No. 05-19-00308-CV, 2019 WL 2150917 (Tex. App.—Dallas May 17, 2019, no pet.).

On March 18, 2019, the trial court held another hearing and entered a judgment for contempt. During the hearing, Wadle's counsel testified that relator's former counsel had agreed to produce copies of "various tax returns and financial documents and records belonging to the trust." The trial court stated on the record that former counsel had represented to the trial court that the trust tax returns would be produced.

Relator testified, with regard to each of the disputed discovery requests, that he had searched his physical and electronic files and produced all the documents in his possession, custody, or control for each request. Regarding the interlineated item at the bottom of the June 27, 2018 order requiring production of the trust document and tax returns, relator testified he produced the trust instrument and his personal tax returns but did not produce the trust tax returns. He testified he sent a letter requesting the trust tax returns. Relator admitted he is a beneficiary of the trust and it was set up by his father. The trustees are his brother, sister, and cousin. He admitted he had never exercised his right under paragraph 4.12 of the trust instrument to inspect the trust records, he had never requested profit and loss statements or a balance sheet, and he had never requested an audit.

The trial court signed a judgment for contempt in which it found that relator was a beneficiary of the trust, over twenty-five, and that the documents in the trust are within his control and he could have obtained them pursuant to the trust agreement, the parties' agreement to produce the documents, and under the trial court's June 27, 2018 order. The trial court found relator failed to produce the documents. The trial court noted "no restriction in the Trust prevents [relator] from obtaining possession of or copying documents and that such financial documents were freely

–4–

available to him per the Trust agreement." The trial court found relator had agreed to produce the tax returns subject to a protective order between the parties and had failed to produce the returns as agreed and as ordered by the trial court. The trial court reassessed $3,500 in attorney's fees. The trial court signed an order of commitment and ordered relator confined in the county jail for fourteen days.

A contempt judgment may be collaterally attacked in an original habeas corpus proceeding. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether the contemnor has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) orig. proceeding). A court will issue a writ of habeas corpus if the order underlying the contempt is void, or if the contempt order itself is void. *See id.* An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding); *In re Stein*, 331 S.W.3d 538, 540 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). A judgment of contempt imposing a coercive restraint is void if the conditions for purging the contempt are impossible to perform. *In re Smith*, 354 S.W.3d 929, 930 (Tex. App.—Dallas 2011, orig. proceeding). The burden is on the relator to establish in the trial court that the relator cannot perform the act necessary to purge himself of contempt. *Ex parte Jones*, 602 S.W.2d 400, 402 (Tex. Civ. App.—Waco 1980, orig. proceeding).

Relator raises a sole issue contending the trial court's March 28, 2019 judgment for contempt and the commitment order are void because the documents responsive to the trial court's June 27, 2018 order are not within his possession, custody, or control and thus he cannot purge himself of contempt. In arguing his issue, relator raises two contentions: (1) the judgment for

contempt is void because it forces him to produce documents he does not possess and cannot obtain; and (2) the judgment finds him in contempt for failing to comply with an ambiguous order.

*Possession, Custody, and Control*

On the first issue, relator contends *In re Kuntz* is mandatory authority and stands for the proposition that there is a difference between having access to documents and having the authority over them that would constitute possession, custody, or control. *See In re Kuntz*, 124 S.W.3d 179 (Tex. 2003). In *Kuntz*, the relator was a manager at a consulting company that evaluated oil and gas prospects for an oil company. *Id*. at 182. The favorable prospects were documented in letters of recommendation that were kept at both the consulting firm and the oil company. *Id*. The consulting agreement between Kuntz's employer and the oil company provided that the letters and associated information are the property of the oil company and may not be disclosed to a third party without the oil company's consent. *Id*. The consulting firm's operation agreement required Kuntz to keep the information the company generated confidential and prohibited disclosure without the written consent of the company's board. *Id*. Kuntz's ex-wife sought production of the letters as part of post-judgment discovery in the couple's divorce case. *Id*. After the trial court ordered production of the letters, Kuntz pursued mandamus relief, arguing that he did not have possession, custody or control of the letters. *Id*. at 183.

The supreme court agreed with Kuntz, holding that mere access to the documents does not constitute physical possession in a situation where the person with access does not have a legal right to produce the relevant documents. *Id*. at 184. The court noted that if Kuntz produced the documents, he would not only be violating his company's consulting agreement with the oil company, he would also be potentially exposing himself to a suit for damages. *Id*.

Appellant contends that like *Kuntz*, the trust instrument gives him access to the documents but does not permit him to copy the documents and produce them in discovery. Wadle responds

that *Kuntz* is factually distinguishable from the present case. Wadle cites instead this Court's opinion in *Imagine Auto Group* in which the CEO of a corporation was held to have possession, custody, and control of documents in the corporation's possession because he had both access and an unrestricted right to obtain the documents. *See Imagine Auto Grp. v. Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 642 (Tex. App.—Dallas 2014, pet. denied).

Both *Kuntz* and *Imagine* cite an earlier case, *GTE Communications Systems Corp. v. Tanner*, 856 S.W.2d 725 (Tex. 1993), which holds that the phrase "possession, custody, or control" in the predecessor to the current discovery rule:

> includes not only actual physical possession, but also constructive possession, and the right to obtain possession from a third party, such as an agent or representative. The right to obtain possession is a legal right based upon the relationship between the party from whom a document is sought and the person who has actual possession of it.

*GTE*, 856 S.W.2d at 729.

Under the terms of the trust, relator, as beneficiary, has the right to access the documents at any time during regular business hours and the right to obtain prepared summary information in the form of a profit and loss statement and balance sheet toward the end of each fiscal year. Thus, unlike the defendant in *Kuntz*, relator has a right to access and no contractual impediment to production. As beneficiary of the trust, relator has the right to obtain possession from the trustee who is his agent. *See id.*; *see also Ditta v. Conte*, 298 S.W.3d 187, 191 (Tex. 2009) (observing trust is not legal entity but rather fiduciary relationship with respect to property imposing high fiduciary standards on trustee who must handle trust property solely for beneficiaries' benefit). Thus, we conclude appellant has constructive possession of the trust's financial documents and tax returns as was recognized by his former counsel who agreed to produce the documents. *See GTE*, 856 S.W.2d at 729; *In re Summersett*, 438 S.W.3d 74, 82 (Tex. App.—Corpus Christi–Edinburg 2013, orig. proceeding) (denying mandamus relief on order compelling discovery of documents

where relator was president of company, had equal or greater right to possession of documents as employees maintaining them, and no confidentiality agreement in place that would subject him to potential liability for producing documents).

In his reply brief, relator argues that there is no evidence of contemptuous conduct because the only evidence shows relator requested the documents from the trustee and the request was denied. The trial court was entitled to find relator not credible in his assertions that he tried and failed to produce the documents as ordered, especially in light of the parties' earlier agreement to produce the documents. As long as the trial court's findings are not so completely without evidentiary support that its order deprives relator of due process of law, we defer to the trial court's assessment of the weight and credibility of relator's testimony. *See Ex parte Dolenz*, 893 S.W.2d 677, 679–80 (Tex. App.—Dallas 1995, orig. proceeding). We conclude the trial court's judgment for contempt is not void on the ground relator cannot obtain the documents and purge himself of contempt.

*Ambiguity*

Relator next contends the underlying orders the trial court issued on June 27, 2018 and February 28, 2019 are ambiguous because they only ordered him to produce documents in his possession, custody, or control; did not find he had possession, custody, or control of the trust financial documents; and did not specify that the tax returns requested were those of the trust rather than his individual returns. Relator also interprets the Court's March 11, 2018 memorandum opinion denying mandamus relief as acknowledging that he did not have possession, custody, or control of the trust documents.

To support a judgment of contempt, the underlying order must set forth the terms of compliance in clear, specific, and unambiguous terms so the contemnor will know exactly what duties and obligations are being imposed. *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995);

*Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). The evidence shows relator knew exactly what he was required to produce. Relator's letter to the trustee requests, "[i]n particular, copies of the tax returns for the Trust from 2012 to 2016." The email transmitted by relator's former counsel to Wadle's counsel and the letter correspondence between relator and the trustee shows relator's understanding of the documents required and that they included the trust's tax returns. Through his counsel, relator agreed to produce the documents including the tax returns of the trust. The trial court stated on the record that relator's counsel had represented to the trial court that the trust tax returns would be produced. Instead of producing the documents, relator chose to break his agreement and argue that *Kuntz* shielded him from production.

Finally, we disagree with relator's interpretation of our March 11, 2019 opinion. This Court's March 11, 2019 opinion denying mandamus relief concluded mandamus was not appropriate because there was no adverse order in effect—the trial court's February 28, 2019 order at issue did not order relator to produce documents that were not within his possession, custody, or control. *See Topletz*, 2019 WL 1109698, at *1. Because we have already determined the record can support the trial court's conclusion that relator has at least constructive possession of the documents, the earlier *Topletz* decision is in harmony with this opinion.

We conclude the trial court did not abuse its discretion. The record does not support relator's contention that he cannot produce the documents and the orders are sufficiently clear to satisfy due process regarding relator's obligations. We overrule appellant's issue and deny relator's petition for habeas corpus.

/Leslie Osborne/
_____
LESLIE OSBORNE
JUSTICE

190327F.P05

–9–