**Denied and Opinion Filed October 1, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00778-CV

### IN RE JOE WASHINGTON, Relator

**Original Proceeding from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-21382-Z**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

In this original proceeding, relator Joe Washington challenges the trial court's June 13, 2019 order revoking relator's community supervision and confining him for criminal and civil contempt for failing to pay child support as previously ordered. In a single issue, relator contends the trial court's order is void because relator established his affirmative defense of inability to pay. Relator seeks a writ of habeas corpus vacating the contempt order. We deny relief on relator's challenge to the criminal contempt order. We dismiss as premature relator's challenge to the civil contempt order.

### BACKGROUND

In 2009, the trial court found relator in contempt for failing to pay court-ordered child support. The trial court ordered relator committed to jail, but suspended the commitment and placed relator on community supervision for a period of ten years, subject to relator making

monthly support payments. The monthly payments due were modified and reduced by two subsequent orders. The youngest child subject to the support order reached adulthood in 2016. By October 2017, relator owed $40,685.17 for child support arrearages and an additional $20,123.28 for medical support arrearages. On October 5, 2017, the trial court ordered relator to pay $700 per month on the child support arrearages and $300 per month on the medical support arrearages. Almost a year later, on September 13, 2018, the Dallas County Domestic Relations Office (DRO) moved to revoke relator's community supervision based on allegations that relator had made only $1,621.40 in payments on the judgment for child support since June 30, 2017 and had paid nothing on the judgment for medical support.

The trial court held an evidentiary hearing on the DRO's motion to revoke on June 13, 2019. The trial court found relator violated the court's 2009 order by failing to make any of the $700 payments due between January 2018 and July 2018. In its June 13, 2019 order, the trial court revoked relator's community supervision, ordered relator committed and confined to the Dallas County jail for 180 days, and ordered him committed and confined thereafter until relator has paid child support arrearages of $38,243.39.

In this original proceeding, relator contends the order is invalid because he established the affirmative defense of inability to pay. In its response, the State maintains relator's testimony was conclusory and offered no details regarding his inability to pay for each of the months at issue, his testimony about his income potential lacked credibility, and the evidence showed relator could have paid more in child support because his own testimony confirmed most of his other bills were current.

## STANDARD OF REVIEW

An original application for writ of habeas corpus may be filed to collaterally attack a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The

purpose of the habeas corpus proceeding is not to determine relator's guilt or innocence, but only to determine whether he has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) orig. proceeding). In evaluating relator's writ application, we presume the challenged contempt judgment is valid. *See Ex parte Occhipenti*, 796 S.W.2d 805, 809 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). A court will issue a writ of habeas corpus if the contempt order is void, either because it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding); *In re Stein*, 331 S.W.3d 538, 540 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (per curiam). It is relator's burden to show the contempt order is void and not merely voidable. *In re Pruitt*, 6 S.W.3d 363, 364 (Tex. App.—Beaumont 1999, orig. proceeding).

A judgment of civil contempt imposing a coercive restraint is void if the conditions for purging the contempt are impossible to perform. *In re Smith*, 354 S.W.3d 929, 930 (Tex. App.—Dallas 2011, orig. proceeding). The burden is on the relator to establish in the trial court that the relator cannot perform the act necessary to purge himself of contempt. *Ex parte Jones*, 602 S.W.2d 400, 402 (Tex. Civ. App.—Waco 1980, orig. proceeding).

### ANALYSIS

### *Criminal Contempt*

A criminal contempt order punishes the contemnor for a "completed act which affronted the dignity and authority of the court." *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976). The punishment imposed may include a fine and imprisonment and it cannot be avoided by subsequent voluntary compliance with the trial court's orders. *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex. App.—Dallas 1991, orig. proceeding). To hold someone in criminal contempt, there must be proof beyond a reasonable doubt that (1) there is a reasonably specific order; (2) a violation of the order; and (3) willful intent to violate the order. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995)

(orig. proceeding). We may infer the contemnor's noncompliance is willful if he or she fails to comply with an unambiguous order of which he or she has notice. *Id*. at 261. The contemnor may raise a defense that noncompliance was involuntary. *Id*. The contemnor has the burden to show his or her inability to comply. *Id*.

In this case, the trial court's order confining relator for 180 days constitutes a judgment for criminal contempt. Relator maintains that judgment is void because he established the affirmative defense of inability to pay. To prove the affirmative defense of inability to pay, relator must show he: (1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed; (3) attempted unsuccessfully to borrow the funds needed; and (4) knew of no source from which the money could have been borrowed or legally obtained. TEX. FAM. CODE ANN. §157.008(c). Relator must also show he was unable to pay each obligation as it accrued. *Ex parte Ramon*, 821 S.W.2d 711, 713 (Tex. App.— San Antonio 1991, orig. proceeding). Relator bears the burden to prove his affirmative defense by a preponderance of the evidence. *See* TEX. FAM. CODE ANN. §157.006(b); *Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994) (orig. proceeding).

The evidence shows relator put on at least some evidence responsive to each of the four elements. Because we believe the evaluation of the first element is determinative, however, we will limit our discussion to the proof of ability to provide support in the amount ordered. Relator testified he works forty hours per week selling insurance, serves as a volunteer pastor at his church for five hours per week, and has applied unsuccessfully for jobs at the Dallas Police Department and at United Parcel Service. He has also tried trading stocks. Relator testified he was unable to pay the arrearages because he makes only $500 per month in commissions selling insurance, sometimes has chargebacks on the commissions, and only earned close to $1,000 between January 2019 and the June 13, 2019 hearing. Relator's testimony shows he has the ability to work forty-

five hours per week but chooses to remain at a job where his income averages $500 per month. Relator identified only two places he has applied for other employment and did not testify about the length or intensity of his job search beyond saying his child support obligations had been an obstacle for other employment. This evidence strongly suggests relator is voluntarily underemployed and has made, at best, half-hearted efforts to find other employment.

Under this record, we conclude relator failed to show he lacked the ability to make the monthly child support payments as they came due. As such, the trial court did not abuse its discretion by concluding relator failed to establish inability to pay. *See Interest of N.V.R.*, – S.W.3d –, 2019 WL 1416670, at *4–5 (Tex. App.—Tyler Mar. 29, 2019, pet. filed) (trial court did not abuse discretion in concluding relator failed to prove inability to pay where record showed he made $500 per month from business, received money from father, received a tax refund, had applied unsuccessfully for a list of jobs, and required payments set low enough that minimum wage job would allow him to make payments); *In re Corder*, 332 S.W.3d 498, 502-503 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (evidence that relator was not totally disabled, could answer a phone, had bought and sold cars, and was engaged in drug trafficking impeached relator's testimony that he was unable to obtain employment and showed relator had not conclusively shown his inability to make payments as they came due); *Ex parte Mathis*, 822 S.W.2d 727, 731 (Tex. App.—Tyler 1991, orig. proceeding) (relator failed to prove inability to pay where, among other evidence, record showed relator was physically able to work during most of relevant period but had chosen for part of period to remain unemployed or work part time while attending school on full-time basis).

Moreover, given relator's testimony that most of his bills were paid and he was averaging $500 a month in commissions, relator failed to show he could not have made at least one of the $700 payments when it came due. *See Ramon*, 821 S.W.2d at 713. Because relator has not shown

he lacked the ability to make the child support payments as ordered, we conclude relator has not met his burden to prove his affirmative defense. *See Johns*, 807 S.W.2d at 772. Accordingly, we overrule relator's sole issue as it relates to the criminal contempt portion of the trial court's order.

*Civil Contempt*

The portion of the trial court's order imposing additional confinement until relator pays his ex-wife $38,243.39 constitutes a judgment for civil contempt. *See Johns*, 807 S.W.2d at 770. When an order imposes both criminal contempt and civil contempt on a contemnor, the contemnor may not complain about the civil confinement until after he or she has finished serving the criminal contempt confinement. *See Ex parte Hayes*, No. 05-17-00473-CR, 2017 WL 2889047, at *5 (Tex. App.—Dallas July 7, 2017, orig. proceeding) (mem. op.). Thus, relator's challenge to the civil contempt portion of the trial court's order is premature. If relator remains confined after serving his jail time for criminal contempt because he has not purged the civil contempt, he may bring another habeas proceeding to challenge his confinement for civil contempt. *See id.*

## CONCLUSION

We conclude relator has not shown either that the trial court's order holding him in criminal contempt is void or that he proved the affirmative defense of inability to pay. We express no opinion on the validity of the civil contempt order. We deny relief on relator's challenge to the criminal contempt order. We dismiss as premature relator's challenge to the civil contempt order.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
190778F.P05                              JUSTICE